IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-159(3) |
| | § | C.A. No. C-04-492 |
| JUAN DANIEL CARDENAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

On September 27, 2004, Movant Juan Daniel Cardenas ("Cardenas") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 105).[1] On February 10, 2005, the government filed its response and motion for summary judgment. (D.E. 124). Cardenas was previously granted leave to file a reply not later than April 21, 2005. (D.E. 121). To date, no reply has been filed. As discussed herein, Cardenas validly waived his right to file any § 2255 motion. Because the Court finds his waiver to be valid and enforceable and further finds that both of his claims fall within the waiver, the government's motion for summary judgment is GRANTED and Cardenas' § 2255 motion is DISMISSED WITH PREJUDICE.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, C-03-159(3).

1

## II. FACTS AND PROCEEDINGS

On May 22, 2003, Cardenas was charged in a two-count indictment with (1) conspiracy to murder Joe Urdiales, in violation of 18 U.S.C. §§ 1111 and 1117 (count one); and (2) the murder of Joe Urdiales, in violation of 18 U.S.C. §§ 2, 7, 1111 (count two). (D.E. 1). On July 8, 2003, Cardenas pleaded guilty to count two, pursuant to a written plea agreement. (D.E. 39, 40). In exchange for his guilty plea to count two and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level reduction for acceptance of responsibility and to recommend a sentence at the high end of the guidelines. (D.E. 40 at ¶¶ 1-2). The plea agreement also contained a voluntary waiver of Cardenas' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 40 at ¶ 7)(emphasis in original).

The Court questioned Cardenas under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. (D.E. 104, Rearraignment Transcript ("R. Tr.") at 34-46). In emphasizing the waiver of the right to file a § 2255 motion, the Court instructed:

2

> Further, on a 2255, which is if you appeal a matter and lose, or if you don't appeal, and you're sitting up in the Bureau of Prisons visiting with your friends and fellow inmates and looking at the law library, and you determine that you believe that your case, your conviction was unconstitutional or that I lacked jurisdiction, or that your attorney was ineffective on your behalf, you would be able to file what's called a 2255, which is a post-conviction remedy, to try to get that sentence set aside. In this plea, not only are you giving up your right to appeal, except in the limited circumstances that I outlined, but you're also giving up your right to file a 2255 or any post-conviction remedy other than an appeal.

(R. Tr. at 45-46). Cardenas stated under oath that he understood. (R. Tr. at 46). He further testified that he signed his plea agreement, that he read it and discussed it completely with his attorney before he signed it, and that his decision to plead guilty was entirely voluntary. (R. Tr. at 47-48, 63). It is clear from the foregoing that Cardenas' waivers were knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Cardenas on September 26, 2003 to 210 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, a $50 fine, $100 special assessment, and $6,042 in restitution for the victim's funeral expenses. (D.E. 78, 83). Judgment of conviction and sentence was entered October 3, 2003. (D.E. 83). Consistent with his waiver of appellate rights, Cardenas did not appeal. He filed the instant § 2255 motion on September 27, 2004. (D.E. 99). It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Cardenas asserts two grounds for relief. First, he argues that his counsel was ineffective for failing to raise the defense of duress. He elaborates that, during the offense, he acted under duress due to the fact that his co-defendants are gang members and he was in fear for his life

3

and the lives of his family. Second, he argues that his counsel was ineffective for failing to challenge the "constructive amendment" of the indictment at sentencing. He claims that he pleaded guilty to "aiding and abetting second degree murder," but that a sentencing the plea was constructively amended to second-degree murder, which he contends he did not plead guilty to.

## IV. DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B.    Waiver of § 2255 Rights

The Court need not address whether Cardenas has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that Cardenas' motion fails in its entirety because he waived his right to file any § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, __ F.3d __, 2005 WL 887153 (5th Cir.

2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Cardenas' challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[2]

It is clear from the rearraignment transcript that Cardenas understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Cardenas' waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court. See generally Wilkes.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

---

[2] His second claim regarding the "constructive amendment" of the indictment for sentencing appears to be a claim that his sentence was incorrectly calculated and was based on the wrong offense, rather than a challenge to the validity of the plea itself. In any event, even if this claim survived the waiver, it finds no support in the record whatsoever, and is baseless for the reasons set forth in the government's motion. See D.E. 124 at 18-20. Cardenas clearly pled guilty to second-degree murder, not "aiding and abetting" murder, as he now claims.

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Cardenas has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Cardenas' petition states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Cardenas' § 2255 motion on procedural grounds. Under the plain record of this case, this Court is barred from considering his motion due to his valid and enforceable waiver of his § 2255 rights. Accordingly, Cardenas is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, the government's motion for summary judgment (D.E. 123) is GRANTED, and Cardenas' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C.

§ 2255 (D.E. 105) is DISMISSED WITH PREJUDICE. Additionally, Cardenas is denied a Certificate of Appealability.

Ordered this ____14th____ day of May, 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE