**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-159(3) |
| | § | C.A. No. C-04-492 |
| JUAN DANIEL CARDENAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND
DENYING MOTION FOR EXTENSION OF TIME TO APPEAL**

**I.  BACKGROUND**

On September 27, 2004, Movant Juan Daniel Cardenas ("Cardenas"), a federal prisoner incarcerated at USP Big Sandy, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 105).[1]  By Order entered May 18, 2005, the Court denied the motion on the grounds that the claims he raised therein were barred by the waiver of § 2255 rights contained in Cardenas' plea agreement. (D.E. 133).  The Court also *sua sponte* denied him a Certificate of Appealability ("COA"). (D.E. 133).  Final judgment was entered on May 18, 2005. (D.E. 134).

On September 20, 2005, the Clerk received from Cardenas a motion requesting reconsideration of the Court's Order denying his § 2255 motion, and of the denial of his COA. (D.E. 138).  The motion was signed on September 15, 2005, and is deemed filed as of that date.  In his motion, he claims that he was placed into SHU (a term which the Court presumes refers to a Special Housing Unit) from February 14, 2005 until July 28, 2005 and that this placement precluded him from filing a reply to the government's motion for summary judgment.  He further claims that his placement

---

[1]  Docket entry references are to the criminal case, C-03-159(3).

1

and the inadequacies of the law library at USP Big Sandy presented him from filing a motion for

reconsideration or a notice of appeal.

In arguing that the Court erred in denying his § 2255 motion, Cardenas argues – for the first

time in these proceedings – that his waiver of § 2255 rights was part of an unknowing and involuntary

plea agreement.  Specifically, he claims that his counsel was ineffective because he told Cardenas that

he would receive a sentence of 10 to 12 years and because his counsel "exhort[ed]" him to sign a plea

agreement that waived his rights to appeal and to any post-conviction proceeding.   He further claims

that he did not read the plea agreement, despite his comments at sentencing.   He avers that, had he

known of his true sentencing exposure, he would have insisted on going to trial and would not have

pleaded guilty.

For the reasons set forth herein, Cardenas' motion is DENIED.

## II.  ANALYSIS

### A.      Characterization of Motion for Reconsideration

Cardenas does not identify any rule pursuant to which he challenges the Court's prior order.

Because his motion was filed more than ten days after entry of the judgment, Rule 59 of the Federal

Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510,

511 (5th Cir. 2000); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000).

Accordingly, the Court construes Cardenas' motion to reconsider as one brought under Rule 60(b),

Fed. R. Civ. P.

### B.      Rule 60(b) Standards

On motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from a final judgment, order or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Motions under Rule 60(b) are directed to the sound discretion of the district court.  Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Cardenas' motion does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b)(1)-(5).  Rather, as noted, he simply claims that his prison placement precluded him from replying to the government's response to his § 2255 motion.  In his substantive arguments, he claims that his waiver of § 2255 rights (the basis of the Court's dismissal order) was not valid because it was contained within his plea agreement, and his plea was neither knowing nor voluntary. The Court finds no merit in these contentions,  for the reasons explained herein.  Summarized, those reasons are that the record establishes that Cardenas' guilty plea was knowing and voluntary and that he has not demonstrated that he was denied effective assistance of counsel.

### 1.      Ineffective Assistance of Counsel As to Plea - General Standards

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S.

Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Cardenas argues that his guilty plea was not knowing and voluntary because his counsel gave erroneous advice regarding the sentence he would likely receive. Specifically, he alleges that his counsel induced him to plead guilty by telling him that he would receive a sentence of 120 to 144 months imprisonment. In fact, he was sentenced to a term of imprisonment of 210 months. In order to show prejudice as a result of his counsel's allegedly erroneous prediction, Cardenas must demonstrate that, absent the erroneous information, he would have proceeded to trial. Despite his belated, conclusory assertions that he would have proceeded to trial had he known he could face a sentence of 210 months, the Court finds that those assertions are flatly contradicted by his sworn testimony at his rearraignment.

### 2.     Analysis of Cardenas' Ineffective Assistance Claim

As an initial matter, even if it were true that his attorney had told him he would likely receive a sentence of 120 to 144 months, it is well established in this Circuit that an attorney's erroneous prediction as to what sentence a defendant will receive does not render a guilty plea "unknowing" or "involuntary." United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993); Daniel v. Cockrell, 283 F.3d 697, 703-704 (5th Cir. 2002) (collecting cases). Thus, his efforts to undermine his waiver on this ground fail.

Moreover, any contention that he was advised he would receive a sentence of 120 to 144 months is belied by his own testimony at his rearraignment. Specifically, Cardenas testified in open court at his rearraignment that his attorney had answered his questions and was following his instructions, that his attorney came to see him in jail and took his phone calls, that he was able to

communicate completely with his attorney, and that he was satisfied with the advice and efforts of his attorney. (R. Tr. at 22-26). Cardenas was made aware of the charge against him and testified that he understood it. (R. Tr. at 26-27). He further testified that he read the indictment completely and had discussed it completely with his attorney. (R. Tr. at 27). The court explained in great detail to Cardenas that he had a right to a jury trial, and Cardenas affirmed that he understood. (R. Tr. at 29-34).

The Court also explained the maximum punishment that Cardenas might receive, which was a lifetime term of imprisonment, a fine of up to $250,000, a maximum supervised release term of five years, and a $100 special assessment. (R. Tr. at 52). Cardenas testified that he understood. (Id.). Cardenas testified that, aside from what was contained in the written agreement, no one had promised him anything in exchange for his plea (including any promise for a downward departure), that no one had forced him to plead guilty, and that his decision to do so was entirely voluntary. (R. Tr. at 39, 62-63).

As noted in the Court's order denying Cardenas' § 2255 motion, he also testified that he signed the plea agreement, and that he read it completely and discussed it completely with his attorney before signing it. (R. Tr. at 47-48).

Of particular importance, given Cardenas' allegations in his motion to reconsider, are the following exchanges:

> THE COURT: Do you understand that your attorney's opinion of the guidelines is not necessarily that of mine? ... Mr. Cardenas?
>
> DEFENDANT CARDENAS: Yes, ma'am.
> ...
>
> THE COURT: Do you understand that if the sentence is more severe than you expected, you'll still be bound by your plea and have no right

5

> to withdraw it, which includes no right to withdraw it between today's
> date and date of sentencing?  Do you understand that ... Mr. Cardenas?
>
> DEFENDANT CARDENAS: Yes, ma'am.

(R. Tr. at 59-60, 61-62).

Thus, at the time that he pleaded guilty, the Court properly and fully assured itself that Cardenas' plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences).

Cardenas' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).  In his statements, Cardenas stated both that no one had promised him any sentence, and that he understood only the Court could determine his sentence.  Those sworn statements preclude the relief he seeks here, because they contradict any assertion that he was misled about his sentence or promised any specific sentence.[2] Moreover, he knew he faced a possible sentence of lifetime imprisonment, but nonetheless persisted

---

[2]    Cardenas' motion does not appear to be claiming that his counsel "promised" him he would receive a specific sentence, but rather that his counsel advised him that was the likely sentence he would receive.  In any event, Cardenas could proceed on a claim that he was promised a specific sentence, in the face of his inconsistent statements under oath, only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110.  A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id. Cardenas has not presented any evidence showing the merit of his allegations, and thus would be unable to obtain relief even under the Cervantes exception.

in his plea. Accordingly, his claim that he would have proceeded to trial had he known of his true sentencing exposure is belied by the record. He simply cannot establish the prejudice prong of Strickland, nor can he show that his plea was unknowing or involuntary.

For the foregoing reasons, the Court finds that Cardenas' guilty plea was both knowing and voluntary. Thus, the Court correctly concluded in its earlier order that his waiver of § 2255 rights is enforceable and bars his claims. Cardenas' motion to reconsider is DENIED.

**C.      Motion for Extension of Time to Appeal**

As noted, judgment in Cardenas' § 2255 proceedings was entered on May 18, 2005. He had sixty days from that date to file his notice of appeal. Fed. R. App. P. 4(a)(1)(B); see also Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS (Fed. R. App. P. 4(a) governs appeals in 2255 proceedings). Sixty days after May 18, 2005 was July 17, 2005. Because July 17, 2005 was a Sunday, Cardenas had until July 18, 2005 to file his notice of appeal. See Fed. R. App. P. 26(a)(3).)

Cardenas failed to file anything with the Court during that period. Indeed, the only document filed with the Court was the instant motion, received on September 20, 2005. In his motion, however, he claims that he was in SHU placement at his place of incarceration until July 28, 2005. As an initial matter, he has not provided any evidence, other than this blanket assertions, to prove that he was unable to mail legal mail (such as a notice of appeal) from SHU placement.[3]

Moreover, although he admits he was no longer in SHU placement after July 28, 2005, he waited almost another two months before filing his motion for extension. He accounts for only two weeks of that nearly two month period, by saying that, from August 30, 2005 until September 12, 2005,

---

[3]  Moreover, while the Court does not rely on this fact, the Court's understanding of BOP procedures is that legal mail is permitted in and out from all prisoner placements.

the institution was on lockdown.  (D.E. 138 at 2).  He offers no explanation whatsoever for the remainder of the delay.

Based on the current record, the Court concludes that Cardenas has not shown either "good cause" or "excusable neglect," so as to warrant an extension of time to appeal under Fed. R. App. P. 4(a)(5).  Accordingly, his motion for extension of time to appeal is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Cardenas' motion (D.E. 138) is DENIED.

Ordered this 7th day of November 2005.

Janis Graham Jack
United States District Judge